[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11025
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cv-00202-MMH-MCR

GREGORY V. BELL,

Plaintiff-Appellant,

versus

SECRETARY OF FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

Defendants,

E. MADAN,
in his individual and official capacity as
Chief Health Officer at Florida State Prison,
V. SELYUTIN,
in his individual and official capacity as a
Physician at Florida State Prison,
W. MATHEWS, in his individual and official capacity
as a Physician Assistant at Florida State Prison,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 27, 2012)

Before TJOFLAT, HILL,and KRAVITCH, Circuit Judges.

PER CURIAM:

Gregory Bell, a civil detainee proceeding *pro se*, appeals the grant of summary judgment in favor of E. Madan, V. Selyutin, and W. Mathews ("the medical defendants"), in his civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. On appeal, Bell argues that the district court erred in granting the medical defendants summary judgment as to his Eighth Amendment claim based on a lack of evidence that they were deliberately indifferent to a serious medical need. Bell asserts that his medical condition, which caused chronic pain, was objectively serious, and that the medical defendants were deliberately indifferent to his condition by withholding readily available treatments.

As a preliminary matter, Bell has abandoned his First Amendment claim, raised below, by failing to brief it on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Moreover, we decline to address two issues that Bell did brief, regarding supervisory liability and damages, as these matters were not passed upon by the district court. *See Baumann v. Savers Fed. Sav. & Loan Ass'n*, 934 F.2d 1506, 1512 (11th Cir. 1991). Finally, although Bell argues on appeal that the magistrate judge below erred in denying several of his motions, Bell failed to object to the district court concerning any of the nondispositive orders denying

2

these motions, such that he has waived his right to appeal these orders. *See Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007).

We review *de novo* a district court's grant of summary judgment, drawing all inferences and reviewing all evidence in the light most favorable to the non-moving party. *Craig v. Floyd County, Ga.*, 643 F.3d 1306, 1309 (11th Cir. 2011).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact, such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Genuine disputes of fact exist when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). Factual issues are considered genuine when they have a real basis in the record. *Id*. If the moving party in a summary judgment motion meets its burden of production, then the non-moving party must present evidence beyond the pleadings that shows that a reasonable jury could find in its favor. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of its case, and on which it bears the burden of proof at trial. *Id*. It is insufficient to defeat a

3

summary judgment motion to present mere conclusions and unsupported factual allegations. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005). Moreover, it is likewise insufficient for a non-moving party to present "a mere scintilla of evidence" supporting his position. *Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004). Rather, the non-moving party must show that, based on the evidence in the record, more than one reasonable conclusion as to the proper verdict exists. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).

To state a cognizable claim for constitutionally inadequate treatment under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Mere allegations of negligence or medical malpractice do not state a valid claim of constitutional medical mistreatment. *Id*. Rather, to succeed on a claim of deliberate indifference to serious medical need, a plaintiff must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *Mann*, 588 F.3d at 1306-07.

Thus, the plaintiff has the burden of satisfying both an objective

4

requirement and a subjective requirement. *Bingham v. Thomas*, 654 F.3d 1171, 1175-76 (11th Cir. 2011). The objective component requires the showing of an objectively serious medical need, which is one that a physician has diagnosed as requiring treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. *Mann*, 588 F.3d at 1307. Moreover, it must be a medical need that, if left unattended, poses a substantial risk of serious harm. *Id*.

In regard to the subjective component, the plaintiff must prove that prison officials acted with deliberate indifference to his serious medical need. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). To establish deliberate indifference, the plaintiff must show that the officials had subjective knowledge of a risk of serious harm, yet disregarded that risk by conduct that is more than mere negligence. *Id*. Matters of medical judgment do not rise to the level of deliberate indifference. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292-93. For example, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment," even if it was medical malpractice not to do so. *Id*., 97 S.Ct. at 293. Generally, a plaintiff does not establish deliberate indifference merely because, although he received medical attention, he desired different modes of treatment than what he received. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).

5

Upon review of the record and consideration of the parties' briefs, we shall affirm. The district court did not err in granting summary judgment to the medical defendants as to Bell's Eighth Amendment claim, because Bell failed to make a showing sufficient for a jury to find the existence of essential elements of his case. *See Shiver*, 549 F.3d at 1343 . Specifically, Bell satisfied neither the objective nor the subjective component of his claim of deliberate indifference to a serious medical need. First, he did not show that he had a serious medical need, because he did not show that his testicular cyst, if left unattended, posed a substantial risk of serious harm. *See Mann*, 588 F.3d at 1307. Second, even assuming Bell established a serious medical need, he did not show that the medical defendants acted with deliberate indifference to that need. *See Brown*, 387 F.3d at 1351. The medical defendants all state that they provided Bell proper care, and Bell presented no substantial evidence to rebut this.

**AFFIRMED.**

6